UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LADEAN DANIELS

    v.                                  CASE NO. 3:11CV286   (SRU)

COMMISSIONER BRIAN MURPHY, ET AL.

**<u>RULING ON PENDING MOTIONS</u>**

Pending before the court are LaDean Daniels' motions for summary judgment, for appointment of counsel, for injunctive relief and for an order to produce documents. For the reasons set forth below, the motions are denied.

**I.    Motion for Summary Judgment [Doc. No. 29]**

On February 2012, the plaintiff filed an amended complaint asserting claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act.  The plaintiff names former Commissioner of Correction Brian Murphy, Director of Security Michael Lajoie, Warden Angel Quiros, Deputy Warden Lauren Powers, Health Services Administrator Richard Furey, Correctional Officers Goodhall and St. John, Dr. Carson Wright and Nurse Erin Dolan as defendants.

The plaintiff asserts that on June 6, 2010, he was confined at Northern Correctional Institution ("Northern") as a pretrial detainee and remained at Northern until May 2011.  The plaintiff claims that the defendants did not provide him with a hearing prior to forcing him to participate in the Security Risk Group Threat Member Program at Northern as a pretrial detainee.

The plaintiff suffers from a musculoskeletal injury due to a gunshot wound to his right leg.  Correctional officials at Northern would not permit him to wear a special leg brace that he had used prior to his incarceration.

During his incarceration at Northern, Daniels was confined in his cell for twenty-three hours a day and was only permitted one hour out of his cell to exercise. Pursuant to an October 2009 Policy authorized by Commissioner Murphy and Director of Security Lajoie, the plaintiff was required to be handcuffed behind his back during recreation. The plaintiff alleges that he was unable to exercise when he was handcuffed behind his back.

The plaintiff claims that he suffers from chronic back, shoulder, hip, knee, ankle and foot pain and is taking medication for these conditions. The plaintiff alleges that due to his disabling conditions, he requires a cane in order to walk safely and needs to sleep on a bottom bunk. During his confinement at Northern, Warden Quiros, Assistant Warden Powers, Health Services Administrator Richard Furey, Dr. Wright and Nurse Erin Dolan were deliberately indifferent to his various medical needs and his disabilities.

The plaintiff asserts that he is entitled to summary judgment because he will most likely succeed on his claims at trial. In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact. *See Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *See*

*Anderson*, 477 U.S. at 248.

      The plaintiff's motion for summary judgment consists of a nine pages.  He describes his claims against the defendants and argues that the defendants have violated his First, Eighth and Fourteenth Amendment rights as well as his rights under the Americans with Disabilities Act.  The supplemental memorandum in support of his motion refers to incidents that have occurred from May 2012 through August 2012.  Those incidents are not set forth in support of claims in the amended complaint.

      Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This specific citation requirement applies to *pro se* litigants as well as to attorneys.

      Daniels has not filed a separate Local Rule 56(a)1 Statement with specific citations to affidavits or other evidence that would be admissible at trial.  Nor has he submitted any documentary evidence in support of the arguments in his memorandum in support of his motion for summary judgment.  Thus, his motion for summary judgment fails to comply with a court rule and is denied.

## II.     Motion for Injunctive Relief [Doc. No. 28]

The plaintiff asserts that in May 2012, prison officials at MacDougall Correctional Institution ("MacDougall") lowered his security risk level to a three and transferred him to Carl Robinson Correctional Institution ("Carl Robinson") in Enfield, Connecticut. At Carl Robinson, Dr. Gerard Gagne met with the plaintiff and determined that he did not need the medication that had been prescribed to him at MacDougall to treat his mental health conditions. Dr. Gagne discontinued the medication. Nurse Dolan then confiscated the cane that the plaintiff had been using to assist him in walking.

The plaintiff claims that Nurse Dolan and Dr. Gagne acted with deliberate indifference towards him when they discontinued treatment and medication that had been prescribed by medical providers at MacDougall. The plaintiff also suggests that the decisions were made in retaliation for the current lawsuit.

The defendants have filed a memorandum in response to the motion for injunctive relief indicating that the plaintiff is now confined at Osborn Correctional Institution ("Osborn"). The plaintiff has filed a reply to the memorandum in response to his motion for injunctive relief as well as a supplement to his motion for summary judgment acknowledging that on July 9, 2012, prison officials at Carl Robinson transferred him to Osborn and he is receiving adequate mental and medical treatment at that facility. (*See* Reply to Mem. Opp'n Mot. Inj. Relief, Doc. No. 34 and Addendum to Mot. Summ. J., Doc. No. 36.)

In this circuit, the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or

(b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F. 3d 110, 118 (2d Cir. 2009). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995]. In this case, oral testimony and argument are not necessary.

The defendants contend that any requests for injunctive relief regarding the conditions of confinement at Carl Robinson are moot because the plaintiff is now housed at Osborn and has received the medical and mental health treatment he claimed he was not receiving at Carl Robinson. The plaintiff concedes that he is confined at Osborn and has received passes to use a

cane and to sleep on a bottom bunk and is receiving medication to treat his mental health conditions.  Thus, the claims for injunctive relief relating to his conditions of confinement at Carl Robinson are denied as moot.  *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

### III.     Motion for Order to Produce Documents [Doc. No. 33]

The plaintiff claims that he sent a request for production of documents to counsel for the defendants seeking a copy of his security risk group file.  The plaintiff contends that counsel for the defendants objected to his request based on safety and security concerns.  The plaintiff claims that he has asked to view his security risk group file, but prison officials have denied his request.

The defendants object to the plaintiff's motion.  They assert that the plaintiff made no attempt to confer in good faith prior to filing this motion.  A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure.  Under that rule, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff has not included a certification that he made an effort to resolve the dispute pertaining to his request for production of his security risk group file prior to filing the motion.  Therefore, the plaintiff has not satisfied Federal Rule 37(a)(1).  Accordingly, the motion to

compel is denied without prejudice.

### IV.     Motion for Appointment of Counsel [Doc. No. 26]

The plaintiff is seeking an appointment of *pro bono* counsel. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff states that he contacted an attorney at the Inmates' Legal Assistance Program in November 2012 and does not know why the attorney declined to assist him. He suspects it may be because of a conflict of interest. The plaintiff does not attach any letters from that attorney. The plaintiff also states that he contacted an attorney at the Connecticut Civil Liberties Union in January 2011, but neglects to indicate how the attorney responded to his request for assistance.

Daniels' two undocumented attempts to find counsel are insufficient to demonstrate that plaintiff cannot obtain legal assistance on his own. The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time. The motion for appointment of counsel is denied without prejudice to re-filing if the case proceeds to trial.

### Conclusion

The plaintiff's Motion for Summary Judgment [**Doc. No. 29**] is **DENIED**. The Motion for Injunctive Relief [**Doc. No. 28**] is **DENIED** as moot. The Motion to Compel [**Doc. No. 33**]

is **DENIED** without prejudice.  The Motion for Appointment of Counsel [**Doc. No. 26**] is **DENIED** without prejudice to refiling if the case goes to trial.  Any renewal of that motion shall be accompanied by a summary of any further attempts by Daniels to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

      SO ORDERED this 8th day of November 2012, at Bridgeport, Connecticut.

                                /s/ Stefan R. Underhill
                                Stefan R. Underhill
                                United States District Judge