UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LADEAN DANIELS

      v.                              CASE NO. 3:11CV286(SRU)

BRIAN MURPHY, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are plaintiff's motions for leave to amend, to compel and for injunctive relief.  For the reasons set forth below, the motions are denied.

**I.**      **Motion for Leave to Amend [Doc. No. 41]**
          **Affidavit in Support of Complaint [Doc. No. 43]**

On February 27, 2012, the plaintiff filed a Third Amended Complaint asserting claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act.  (*See* Doc. No. 23.)  The plaintiff named former Commissioner of Correction Brian Murphy, Director of Security Michael Lajoie, Warden Angel Quiros, Deputy Warden Lauren Powers, Health Services Administrator Richard Furey, Correctional Officers Goodhall and St. John, Dr. Carson Wright and Nurse Erin Dolan as defendants.

The plaintiff asserted that on June 6, 2010, he was confined at Northern Correctional Institution ("Northern") as a pretrial detainee in the Security Risk Group Safety Threat Member ("SRGSTM") program.  The plaintiff complained that the SRGSTM program was voluntary but he was forced to participate and complete it during his confinement at Northern.  The plaintiff remained at Northern until May 22, 2011.  The plaintiff became a sentenced inmate on March 16, 2011.

At the time of the plaintiff's confinement at Northern, he suffered from a musculoskeletal injury due to a gunshot wound to his right leg.  Correctional officials would not permit him to

wear a special leg brace that he had used prior to his incarceration.

During his incarceration at Northern, the plaintiff was confined in his cell for twenty-three hours a day and was only permitted one hour out of his cell to exercise. Pursuant to an October 2009 policy authorized by Commissioner Murphy and Director of Security Lajoie, the plaintiff was required to be handcuffed behind his back during recreation. The plaintiff alleged that it was dangerous for him to be handcuffed behind his back during recreation because of his disabling condition. In addition, he was unable to exercise when he was handcuffed behind his back and he experienced back pain.

The plaintiff alleged that he suffered from chronic back, shoulder, hip, knee, ankle and foot pain and had been prescribed medication for those conditions. The plaintiff asserted that his disabling condition required the use of a cane in order to walk safely and that he needed to sleep in a bottom bunk in a cell located on the bottom tier. The plaintiff claimed that during his confinement at Northern, Warden Quiros, Assistant Warden Powers, Health Services Administrator Richard Furey, Dr. Wright and Nurse Erin Dolan were deliberately indifferent to his various medical needs and his disability.

The plaintiff now seeks leave to file a fourth amended complaint. He has filed a motion for leave to amend and also a document entitled Affidavit in Support of the Complaint which is dated December 10, 2012. (*See* Doc. No. 43.) Although, the Clerk has docketed this Affidavit as filed in support of the Third Amended Complaint [Doc. No. 23], the court construes it as having been filed in support of the motion for leave to amend.

In the motion to amend, the plaintiff seeks to supplement the complaint by re-stating his requests for relief and adding information about Constitutional Amendments he claims that the defendants have violated. This additional information is unnecessary and the re-statement of

requested relief is redundant.  The plaintiff's Third Amended Complaint already contains requests for monetary damages and declaratory and injunctive relief as well as information regarding violations of various Constitutional Amendments or allegations that can be construed as including this information.   Thus, the request to supplement the Third Amended Complaint is denied.

The motion to amend also includes a request to add one new claim: the plaintiff's inability to earn good time credit as a SRGSTM.  The Affidavit includes a request to add four new claims: the plaintiff's inability to earn good time credit as a SRGSTM, violations of the plaintiff's due process rights in connection with his placement on administrative detention and in the SRGSTM program in June 2010, the plaintiff's confinement in a cell with a sentenced inmate and the denial of the plaintiff's access to a law library.  Thus, the plaintiff does not simply seek to supplement his existing claims.

The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service" of a pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike, whichever is earlier."  Rule 15(a)(1), Fed. R. Civ. P.

Because the plaintiff has already filed three amended complaints, he may not file a fourth amended complaint as of right.  Nor can he simply amend his complaint by filing an affidavit including new claims.  After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The interests of justice do not require permitting the plaintiff to add new claims in a fourth amended complaint.  The deadlines for completing discovery and filing summary

3

judgment have passed.  At this point, the addition of the new claims will further delay this case and prejudice the existing defendants.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining whether to grant leave to amend).   Thus, the request for leave to file a fourth amended complaint to add new claims and supplement the Third Amended Complaint is denied.

To the extent that the plaintiff seeks leave to add the new claims set forth in his Affidavit [Doc. No. 43] to the Third Amended Complaint, the request is denied.  Accordingly, the Affidavit **should not** be construed as adding new claims to the Third Amended Complaint.  To avoid any confusion regarding which claims are before the court, the court directs the Clerk to make a notation on the docket that the Affidavit [Doc. No. 43] is an Affidavit in support of the motion to amend [Doc. No. 41] and not an Affidavit in support of the Third Amended Complaint.

## II.      Motion for Injunctive Relief [Doc. No. 39]

The plaintiff asserts that in May 2012, prison officials at MacDougall Correctional Institution ("MacDougall") lowered his security risk level to a three and transferred him to Carl Robinson Correctional Institution  ("Carl Robinson") in Enfield, Connecticut.  On July 9, 2012, prison officials at Carl Robinson transferred the plaintiff to Osborn Correctional Institution ("Osborn").   In mid-August 2012, the plaintiff filed memoranda acknowledging that he was receiving adequate mental and medical treatment at Osborn.  (*See* Reply to Mem. Opp'n Mot. Inj. Relief, Doc. No. 34 and Addendum to Mot. Summ. J., Doc. No. 36.)

The plaintiff now claims that he is not being treated by medical personnel at Osborn for

his chronic medical issues.  He seeks an order that he be sent for a full medical evaluation and be provided adequate treatment until his release from prison.

In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor."  *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

"The party requesting permanent injunctive relief must demonstrate (1) irreparable harm . . . and (2) actual success on the merits."  *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012) (citation omitted).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).  Thus, the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that a plaintiff must show actual success on the merits for permanent injunctive relief rather than a likelihood of success on the merits for preliminary injunctive relief. *See Amoco Prod. Co. v. Vill. Of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987).

The defendants contend that the plaintiff is receiving medical treatment at Osborn and the claims for injunctive relief are unrelated to the claims in the complaint.  The plaintiff is currently incarcerated at Osborn.  He complains about an MRI that was performed in August 2011, the decision by medical personnel at Osborn in August 2012 that he could not work in the prison kitchen because he had too many chronic medical issues and lack of treatment for pain in his

back, hip, leg, knee and foot in October 2012.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against her.  *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."). Thus, he seeks injunctive relief from medical personnel at Osborn who are not defendants in this action.[1]

Furthermore, in his reply to the defendants' memorandum in response to his motion for injunctive relief, the plaintiff concedes that he was assessed by a physician at Osborn at the end of November 2012 and the physician ordered a course of treatment based on his diagnosis of the plaintiff's conditions.  Thus, the request for injunctive relief is moot. See *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").   For all of the above reasons, the motion for permanent injunctive relief is denied.

## III.    Motion to Compel [Doc. No. 40]

The plaintiff claims that he sent a request for production of documents to counsel for the defendants seeking a copy of his security risk group file.  The plaintiff contends that counsel for the defendants objected to his request based on safety and security concerns.

---

[1]    The plaintiff mentions a Dr. Wright who has treated him at Osborn.  The plaintiff confirms that the Dr. J. Wright is not Dr. Carson Wright who is a defendant in this action.  (See Reply Mem. Opp'n Mot. Inj. Relief [Doc. No. 46 at 4.]

The defendants object to the plaintiff's motion.  They assert that on November 28, 2012, they proved the plaintiff with a complete copy of his Security Risk Group file.  The names of individuals and other information had been redacted because the release of that information would pose a threat to the security of other inmates and staff.  That redaction was appropriate. Accordingly, the motion to compel is denied as moot.

## Conclusion

The plaintiff's Motion to Compel [**Doc. No. 40**] is **DENIED** as moot.  The Motion for Injunctive Relief [**Doc. No. 39**] is **DENIED**.  The Motion for Leave to File a Fourth Amended Complaint [**Doc. No. 41**] is **DENIED**.   To the extent that the plaintiff seeks leave to add the new claims set forth in his Affidavit [**Doc. No. 43**] to the Third Amended Complaint, the request is **DENIED**.  Accordingly, the Affidavit  [**Doc. No. 43**] **should not** be construed as adding new claims to the Third Amended Complaint.  **To avoid any confusion as to the claims that are before the court, the court directs the Clerk to make a notation on the docket that the Affidavit [Doc. No. 43] is an Affidavit in support of the motion to amend [Doc. No. 41] and not an Affidavit in support of the Third Amended Complaint.**

The plaintiff and counsel for the defendants have represented to the Clerk that they would be open to a referral to a Magistrate Judge for a settlement conference.  The case is hereby referred to Magistrate Judge Garfinkel for a settlement conference.

SO ORDERED this 12th day of February 2013, at Bridgeport, Connecticut.


   /s/ Stefan R. Underhill
   Stefan R. Underhill
   United States District Judge