UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LADEAN DANIELS

     v.                                    CASE NO. 3:11CV286(SRU)

BRIAN MURPHY, ET AL.

## RULING ON PENDING MOTIONS

The plaintiff is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan-Radgowski"). Pending before the court are plaintiff's motions for injunctive relief. For the reasons set forth below, the motions are denied.

In the first motion, the plaintiff states that he suffers from hip, back, leg, knee, ankle and foot pain and his health is deteriorating rapidly. He seeks a court order directing the defendants to send him to University of Connecticut Health Center ("UCONN") to see an orthopedic surgeon. In particular, he would like to undergo an MRI to assess his lumbar spine to determine whether the condition of his spine requires surgery.

In the second motion for injunctive relief, the plaintiff states that on October 11, 2013, a physician at Corrigan-Radgowski sent a request to the Utilization Review Committee ("URC") seeking authorization to send him to UCONN for an MRI of his spine. The URC approved the request on October 18, 2013. The plaintiff underwent an MRI of his spine on November 25, 2013. The results of the MRI reflected worsening discopathy with evidence of nerve pressure. That same day, a physician submitted a request to URC seeking authorization to send the plaintiff to see a neurosurgeon at UCONN. On December 3, 2013, the URC approved the request for an evaluation by a neurosurgeon. The plaintiff claims that at some point medical personnel at Corrigan-Radgowski informed him that his appointment with the neurosurgeon had been canceled.

The defendants have responded to the plaintiff's motions and indicate that Dr. Kotler, the neurosurgeon who was scheduled to examine the plaintiff, canceled the appointment because he wanted the plaintiff to undergo a course of Epidural Steroid Injection (ESI) treatment before he examined the plaintiff.  The medical director for the Department of Correction approved the suggested course of ESI treatment for a period of several weeks.  On February 14, 2014, medical staff administered the ESI treatment to the plaintiff's back.  On February 20, 2014, Dr. Immordino examined the plaintiff.  Dr. Immordino submitted a new request to the URC because the plaintiff had complained that the ESI had not been effective, even though the plaintiff had not completed his course of ESI treatment.  Dr. Immordino indicated that he submitted the request to the URC because he knew that it would be weeks before the URC reviewed the request and by that time he would know whether in fact the ESI treatment had been effective.   Dr. Immordino opined that it is his understanding that ESI treatment may take several weeks before any improvement in a patient's condition can be seen.  (*See* Mem. Opp'n Mot. Prelim. Inj., Ex. 1, Doc. No. 76.)

In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

The court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her.  *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . . ."). The plaintiff seeks medical treatment from prison officials at Corrigan-Radgowski where he is currently incarcerated. The defendants in this action are prison officials from Northern. The court lacks personal jurisdiction over the medical personnel at Corrigan-Radgowski. Thus, the court cannot order those individuals to provide the plaintiff with the medical treatment or testing that he seeks.

Furthermore, it is apparent that the relief sought by the plaintiff has been provided by medical personnel at Corrigan-Radgowski and medical personnel at UCONN. The plaintiff underwent an MRI of his spine at UCONN on November 25, 2013, and as of the end of February 2014, he was undergoing injections recommended by a neurosurgeon at UCONN. Thus, the requests for injunctive relief set forth in both motions are moot. See *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). For all of the above reasons, the motions for injunctive relief are denied.

## Conclusion

The plaintiff's Motion for Order [**Doc. No. 68**] and Motion for Preliminary Injunction [**Doc. No. 74**] are **DENIED**.

SO ORDERED this 20th day of March 2014, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge