UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LADEAN DANIELS,<br>    Plaintiff,<br><br>    v.<br><br>BRIAN K. MURPHY, et al.<br>    Defendants. | No. 3:11-cv-286 (SRU) |

### RULING ON PENDING MOTIONS

Pro se plaintiff LaDean Daniels brought this action while in the custody of the Connecticut Department of Correction, alleging that numerous correctional officials and employees affiliated with the Department of Correction violated his Eighth Amendment rights and Title II of the Americans with Disabilities Act. On July 17, 2014, I issued a ruling (doc. # 82) granting in part and denying in part the defendants' motion for summary judgment. Daniels seeks to have that ruling overturned or modified, moving for reconsideration and reargument (doc. # 84). He also moves for Rule 11 sanctions on the basis of allegedly erroneous, slanderous, and illegally-obtained information contained in the defendants' filings (doc. # 80). For the reasons discussed below, both motions are denied.

**I.    Motion for Reconsideration**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided, *id.*, but may be granted where there is a

need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478). Daniels has not pointed to previously-overlooked cases or facts that might be expected to alter the conclusions I reached in my ruling on the motion for summary judgment. Rather, he attempts to relitigate that motion, citing affidavits and records that were before the court when it was decided, and raising again issues that were addressed in the ruling. His motion accordingly does not meet the high standard for motions for reconsideration, and it is denied.

## II.   Motion for Sanctions

Daniels seeks Rule 11 sanctions against the defendants and defense counsel for the inclusion of statements in court filings that he considers to be erroneous, slanderous, and based on information obtained in contravention of his right to privacy in personal medical information. The Second Circuit has recognized that the constitutional right to privacy includes a right to confidentiality of personal medical information, *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("We agree that the right to confidentiality includes the right to protection regarding information about the state of one's health."), but courts agree that by filing a lawsuit that puts the plaintiff's medical condition and treatment at issue, the plaintiff waives that privacy right. *See, e.g.*, *Batts v. Boganoff*, No. 3:04-CV-1191(MRK), 2006 WL 1228616, at *2 (D. Conn. May 5, 2006) ("[The privacy interest] does not apply when the plaintiff files suit regarding his medical or mental health treatment."); *Woods v. Goord*, No. 01 CIV. 3255(SAS), 2002 WL 731691, at *11 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials."); *Gill v. Gilder*, No. 95 CIV. 7933(RWS), 1997 WL 419983, at *3

(S.D.N.Y. July 28, 1997) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit."). All of the statements that Daniels cites as erroneous and slanderous are legitimately based in medical records and included in court filings that reasonably defend against Daniels's claims. He does not point to any statement made by the defendants that was offered for an improper purpose or without evidentiary support. He put his medical condition and treatment at issue, and the defendants are entitled to defend themselves. Accordingly, his motion for sanctions is denied.

### III. Conclusion

For the reasons stated above, plaintiff's motion for sanctions (doc. # 80) and motion for reconsideration and reargument (doc. # 84) are denied.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of February 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge